ANNA M HYSELL (SBN 232546)
NORTH COUNTY IMMIGRTION
1201 E. Valley Pkwy, Suite 203
Escondido, CA 92027
Tel: (760) 233-0800
Fax: (760-233-0805
Email: anna@northcountyimmigration.com

Attorneys for Plaintiff-Petitioners
C-P-G
M-J-P

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C-P-G,<br>M-J-P (a minor),<br>Y-C-J, and<br>R-V-R, and those similarily situated,<br><br>　　　　　Petitioners,<br><br>　　　　　v.<br><br>Gregory Archambeault, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; et al.<br><br>　　　　　Defendants. | Case No. 3:19-cv-02388-GPC-KSC<br><br>**FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF**<br><br>**CLASS ACTION** |

# INTRODUCTION

This class *habeas* petition and complaint for declaratory, injunctive, and mandamus relief is brought on behalf of Petitioners/Plaintiffs(hereinafter "Petitioners"), who were present within the United States, had not been admitted or paroled and were unlawfully placed in the Migrant Protocol Protection (MPP) program and removed to Mexico to await their removal proceedings pursuant to 8 USC 1225(b)(2)(C). 3.  Petitioners seek to represent two nationwide classes of similarly situated individuals to challenge Defendants' pattern or practice of violating the Immigration and Nationality Act (INA) and APA in failing to process individuals apprehended within the United States under 8 USC 1225(b)(1) or 8 USC 1229a and placing them unlawfully in the MPP program: (1) all individuals who were apprehended <u>within the United States</u> and placed into the MPP program, whose proceedings have been terminated, and subject to imminent removal to Mexico; and (2) all individuals who were apprehended <u>within the United States</u> and unlawfully placed into the MPP program, whose proceedings have not been terminated, and subject to imminent removal to Mexico.

Absent this Court's injunctive relief, issued temporarily, in part, to Petitioners first complaint, Petitioners would be under imminent threat of removal to Mexico, where they face irreparable harm to their Habeas petition and immigration prospects. Petitioners are currently detained in the custody of Defendants and face imminent removal from the United States, even when an Immigration Judge's termination of removal proceedings on the basis Respondents unlawfully placed Petitioners into the Migrant Protocol Protection (MPP) program.  For the reasons listed below, Defendants unlawful actions placing Petitioners in the MPP program, and continued attempts to remove Petitioners to Mexico and continued detention is unlawful and they respectfully request that this Court order all above-captioned Defendants to halt any attempt to

1

**FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**

remove them to Mexico or any other country, order Defendants to release Petitioners, or in the alternative, properly process Petitioners through the normal asylum procedure within the United States.

## JURISDICTION AND VENUE

1. Petitioners are currently detained by Defendants in San Diego County.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas jurisdiction); Art. I § 9, cl. 2 of the United States Constitution (Suspension Clause); 28 U.S.C. § 1331 (federal question jurisdiction); and § 1361 (action to compel an officer or employee of the United States or any agency thereof).

3. The Administrative Procedure Act also requires that duties be carried out within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency unlawfully withholds action or fails to take action within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to act. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed").

4. Venue is proper in the Southern District of California under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendants are federal agencies; Petitioners removal proceedings are within the San Diego Immigration courts jurisdiction, located in San Diego, California.  The class members, in general, have removal proceedings in the San Diego Immigration Court and are being detained under the authority of the U.S. Immigration and Customs Enforcement ("ICE") San Diego Field Office and, U.S. Customs and Border Protection ("CBP"). Both agencies operate in this district. *See* 28 U.S.C. § 1391 (venue proper in

judicial district in which a defendant in the action resides, or a substantial part of the events giving rise to the claim occurred).

5. Lead Petitioners C-P-G and M-J-P were transferred to Yuma, Arizona by Defendants for unknown reasons. The minor M-J-P was taken to a local hospital for a detection of an irregular heartbeat. While the lead petitioners have been forcibly removed from the San Diego region, Petitioners assert this Court retains jurisdiction as their removal proceedings is filed in the San Diego Immigration Court and the majority of all the events related to this action occurred within this Courts jurisdiction.

6. Petitioners Y-C-J and R-V-R's last known whereabouts is in Defendants custody in San Diego, California. Their last known whereabouts is they were to be transported within hours to Mexico through the CBP Port of Entry in SanYsidro, California.

## PARTIES

7. Petitioner, C-P-G- and her minor daughter, M-J-P-, entered the United States without inspection, are seeking asylum, and are currently detained in the custody of Respondents.

8. Defendant Gregory Archambeault is sued in his official capacity as the San Diego Field Office Director of ICE. He is a legal custodian of Petitioners.

9. Defendant Sidney Aki is sued in his official capacity as the CBP Port Director of the San Ysidro Port Facility. He is a legal custodian of Petitioners.

10. Defendant Chad Wolf is sued in his official capacity as the Acting Secretary of the US Department of Homeland Security. He is in charge of the agency that oversees the San Diego Field Offices for ICE and CBP.

## FACTUAL BACKGROUND

### *Overview of Defendants Actions*

3

601362290.1
**FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**

11. Defendants are in charge of executing the immigration laws of the United States of America. Under the INA, Defendants are charged with apprehending foreign nationals found within the United States without authorization and responsible for processing them under the laws of the INA.

12. Foreign nationals found within the United States that have not been admitted or paroled, are to be screened by Defendants and Defendants are to determine whether to place foreign nationals in removal proceedings pursuant to 8 USC 1229a or if they are to process them for expedited removal pursuant to 8 USC 1225(b).

13. Defendants may place "arriving aliens" into the MPP program, pursuant to 8 USC 1225(b)(2)(c) and remove them to Mexico during their proceedings. However, only "arriving aliens" are authorized to be placed in the MPP program.

14. Defendants have a pattern or practice of violating this statutory process. Since the implementation of MPP program "remove to Mexico" Defendants have been unlawfully placing individuals such as Petitioners into the MPP program and removing them unlawfully to Mexico depriving them of their immigration prospects, violating the INA, APA and Petitioners due process rights.

15. It is estimated that nationwide, there are over 1000 individuals similarly situated as Petitioners that have been apprehended within the United States and unlawfully placed into the MPP program. Many of these individuals have no legal representation. An estimate of one third of these individuals are minor children[1].

16. Because many individuals are unrepresented, and this pattern and practice is occurring throughout the nation before different Immigration Courts, there is a true need for declaratory relief based on the Defendants systematic unlawful practice.

17. A few individuals, who typically have been able to obtain counsel, have sought termination in the Immigration Courts based on their similar factual circumstances.

---

[1] https://www.reuters.com/article/us-usa-immigration-babies-exclusive-idUSKBN1WQ1H1

They have sought termination of their removal proceedings based on the illegality of Defendants placing them in the MPP program in violation of the INA and APA. Some Immigration Courts have agreed, and terminated removal proceedings, such as is the case with the named Petitioners in this Writ. Others have declined to terminate and those individuals remain in the MPP program and are being removed, or have already been removed, to Mexico, to await their removal proceedings.

18. Those that have successfully been able to terminate their removal proceedings, have remained in Defendants custody and are under imminent threat of removal to Mexico. It is unknown if any have been released into the United States by defendants, without the threat of a writ of habeas corpus in federal court.

19. Defendants have also been systematically violating the *Flores* Settlement Agreement by removing minor children to Mexico, when they are not from Mexico, exposing them to dangerous situations.

20. Defendants have been systematically violating the Flores Settlement Agreement by keeping minor children in custody and not releasing them in the United States, or removing them to Mexico, after their removal proceedings have been terminated.

### *Petitioners C-P-G and M-J-P Factual and Procedural History*

21. Petitioners entered the United States without inspection in August 2019.

22. They were apprehended by US Customs and Border Protection agents. They were issued a Notice to Appear. Notice to Appear contained with a false address for Petitioners, factual allegations asserting they had entered without admission or parole, and we encountered within the United States. The Notice to Appear defectively did not classify whether Petitioners were aliens present without admission or parole, or arriving aliens.

23. Upon apprehension, Petitioners informed CBP they were afraid to return to their home country of Guatemala. The told officials they wanted to apply for asylum in the United States.

24. CBP then placed Petitioners into the MPP program and transported them to Mexico where they have remained. They were given a sheet with instructions of where to present themselves to be able to be transported back to the Immigration Court in San Diego, California for their future hearing.

25. On September 5, 2019, Petitioners appeared at the San Ysidro Port of Entry and were transported to the San Diego Immigration Court for their hearing. At the hearing, ICE Counsel filed and served Petitioner's an I-261 Form, "Additional Charges of Inadmissibility/Deportability" that alleged the clients were "arriving aliens" because they had presented at the Port of Entry that morning, and were paroled into he US for the September 5th hearing. At the conclusion of the hearing, CBP transported Petitioners back to the border and returned them to Mexico.

26. Petitioners were transported back to the San Diego Immigration Court on November 6, 2019 for another hearing. At this hearing, Petitioners were represented by undersigned counsel. At the hearing undersigned counsel denied the charges asserting the US Department of Homeland Security (DHS) improperly designated Petitioners as "arriving aliens" and unlawfully placed Petitioners in the MPP program, rather than process them according to the proper statutes. The Immigration Judge reset the hearing for briefing.

27. On December 4, 2019, the Immigration Judge issued a written order terminating Petitioners removal proceedings on the basis DHS unlawfully designated them "arriving aliens" and unlawfully placed Petitioners in the MPP program. The notice was sent out by the Court on December 5, 2019. *See* Exhibit A. Petitioners counsel received a copy of the notice on December 10, 2019.

28. On December 11, 2019, CBP transported Petitioners to the San Diego Immigration Court despite the judge's decision terminating removal proceedings. Undersigned Counsel requested DHS officials release Petitioners. See Exhibit B. DHS officials at the Immigration Court stated they would be returned to Mexico. Id.

29. Undersigned Counsel made several attempts to contact DHS officials to release Petitioners because they were no longer in removal proceedings.

30. In the late afternoon, at 3:56 pm, undersigned counsel received an email time stamped 3:06pm from the San Diego US Attorney General's office. They informed undersigned counsel that ICE reserved appeal, and because of that, they assert Petitioners are still in removal proceedings, and so they were going to return Petitioners to Mexico. See Exhibit C.

31. The Immigration Judge's written decision does not indicate anywhere that appeal was reserved by ICE. See Exhibit A.

32. As of today's date, and to undersigned counsel's knowledge, no appeal has been perfected by ICE with the Board of Immigration Appeals in Falls Church, Virginia.

33. Since the Court's issuance of the Temporary Restraining Order pursuant to the original Writ of Habeas Corpus, (ECF No. 2), Defendants counsel notified Petitioners counsel Petitioners had indeed been transferred out of San Diego, California to a CBP border patrol station in Yuma, Arizona.

34. Minor Petitioner, M-J-P was transported on December 12, 2019 to a local hospital as a result of an irregular heartbeat. She was diagnosed with "Transient Elevated Blood Pressure," as a result of the exceptional duress she has been put under by the Defendants actions.

35. Defendants now are seeking to release Petitioner C-P-G and M-J-P but have not at this moment done so.

### *Petitioners R-V-D amd Y-C-D Factual and Procedural History*

36. Petitioner, R-V-D is a 29-year old male, native and citizen of Cuba. Petitioner, Y-C-D is his spouse, and also a native and citizen of Cuba. They both entered the United States without inspection or admission on August 13, 2019, at or near San Ysidro, California, and were apprehended inside the U.S. shortly thereafter.

37. On August 14, 2019, the United States Department of Homeland Security (DHS) issued Notices to Appear (NTAs) commencing removal proceedings against them and failed to designate them as "aliens who are present in the United States without admission or parole." DHS unlawfully placed them into the MPP program and then immediately returned them to Mexico to await their removal proceedings in Mexico, allegedly pursuant to 8 USC 1225(b)(2)(C).

38. On October 18, 2019, they appeared in front of an Immigration Judge (*pro se*) for their scheduled hearing. The Immigration Judge terminated their proceedings on the grounds that they were illegally returned to Mexico and placed on the MPP program as they were not "arriving aliens" at the time that they were apprehended in the United States. *See* Exhibit D. The government reserved appeal and on November 4, 2019, the government filed its appeal which is presently pending.

39. The government then immediately returned them to Mexico despite the fact that the IJ had terminated their case. They managed to successfully return them by issuing them "fake" future court dates. Petitioners have been stuck in Mexico ever since. They have not received any further communications regarding their cases, nor any copy of the appeal that the government has filed. Their present counsel was able to discover the fact that an appeal had been filed by calling the automated immigration court hotline and entering their Alien (A) registration numbers. *See* Exhibit E.

# EXHAUSTION

40. There are no further administrative procedures that Petitioners are required to exhaust.

# CLASS ACTION ALLEGATIONS

41. Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Petitioners bring this action on behalf of themselves and all other similarly situated individuals. Plaintiffs seek injunctive and corresponding declaratory relief that applies generally to the proposed class and subclass, as described below.

42. The proposed classes consist of:

**Non "Arriving Alien" MPP Class:** All individuals who were present in the United States without admission or parole, who were unlawfully placed into the MPP program and removed to Mexico.

The proposed subclasses consist of:

**Terminated MPP in Custody Subclass:** All individuals who were present in the United States without admission or parole, who were unlawfully placed into the MPP program, whose proceedings were terminated and remain in DHS custody;

**Terminated MPP Removed to Mexico Subclass:** All individuals who were present in the United States without admission or parole, who were unlawfully placed into the MPP program, whose proceedings were terminated and removed to Mexico.

43. The proposed classes are so numerous that joinder of all members is impracticable. The number of individuals who have been placed into the MPP program unlawfully by Defendants is not known with precision by Plaintiffs but is

9

easily ascertainable by Defendants.

44. Plaintiffs estimate that the number of individuals who were not arriving aliens that were placed into the MPP program numbers in the thousands.

45. The proposed classes meet the commonality requirement of Rule 23(a)(2) because, inter alia:

- All Plaintiffs and putative class members were apprehended within the United States without admission or parole and wrongly placed into the MPP program by Defendants;

- Defendants systematically have failed to properly screen Petitioners and place them into the proper proceedings pursuant to the INA and APA;

- The potential number of the class is in the thousands;

- Defendants' have a pattern and practice of attempting to remove class members to Mexico despite an Immigration Judge's termination of removal proceedings;

- Defendants have a pattern and practice of refusing class members counsels requests to release individuals in the United States after the Immigration Court terminates proceedings.

46. Defendants' position is that Petitioners are subject to 8 USC 1225(b)(2)(C) despite not being "arriving aliens" at their initial apprehension and when they are placed into removal proceedings.

47. Petitioners C-P-G and M-J-P claims are typical of the claims of the proposed EWI-MPP class as a whole.

10

601362290.1
**FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**

48. Petitioners R-V-D and Y-C-D claims are typical of the claims of the proposed subclass Terminated MPP Removed to Mexico as a whole.

49. Petitioners are represented in this case by counsel with substantial knowledge of immigration law, and extensive experience litigating complex cases. Plaintiffs' attorneys have the requisite level of expertise to adequately prosecute this case on their behalf and on behalf of the proposed classes.

50. Defendants have stripped Petitioners and the proposed class of extensive statutory and due process rights.

51. A class action is superior to other methods available for the fair and efficient adjudication of this controversy because joinder of all members of the class is impracticable.

## CLAIMS FOR RELIEF

### Count One

### (Mandamus—Requirement to Fulfill Ministerial Duty)

52. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

53. A writ of mandamus is proper to compel the performance of a duty that ICE owes to Petitioners. 28 U.S.C. § 1361.

54. The Immigration Judge has determined CBP placed Petitioners unlawfully into the MPP program pursuant to 8 USC 1225(b)(2)(c).

11

55. A writ of mandamus is proper to compel ICE to process Petitioners for asylum according to the proper stature as "aliens" present in the United States who have not been admitted or paroled pursuant to 8 USC 1225(b)(1) or 8 USC 1229a.

## Count Two
### (Habeas Corpus—Unlawful Detention)

56. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

57. A writ of habeas corpus is proper to release an individual from unlawful detention. 28 U.S.C. § 2241.

58. Petitioners assert they are being unlawfully detained in the MPP program in Mexico and request this Court order declaratory relief that Petitioners not be removed from the United States.

## Count Three
### (Habeas Corpus—Unlawful Detention)

59. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

60. A writ of habeas corpus is proper to release an individual from unlawful detention. 28 U.S.C. § 2241.

61. Petitioners assert they are being unlawfully detained without a bond hearing being available to them. Because proceedings were terminated, Petitioners cannot obtain a bond hearing before the Immigration Court.

62. Petitioners request this Court order the Immigration Court conduct a bond hearing for Petitioners, or in the alternative this Court conduct a bond for Petitioners.

## Count Four

### (Habeas Corpus—Unlawful Detention)

63. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

64. A writ of habeas corpus is proper to release an individual from unlawful detention. 28 U.S.C. § 2241.

65. Petitioners assert Defendants are in violation of the continued detention of the minor child Plaintiff pursuant to the *Flores* Settlement Agreement. Defendants have kept the minor Plaintiff unlawfully detained in the MPP program with no lawful authorization since August 10, 2019.

66. Petitioners request this Court order her release.

## Count Four

### (Administrative Procedure Act—Action Unlawfully Denied)

67. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

68. Petitioners should have been referred to a USCIS asylum officer for a credible fear interview pursuant to 8 U.S.C. § 122b(1)(A)(2) and 8 C.F.R. 208.30.

69. A reviewing court has authority to order action that has been unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## Count Five

### (Fifth Amendment—Denial of Due Process)

70. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

71. Petitioners are entitled to remain in the United States to pursue asylum, withholding of removal and protection under the Convention Against Torture pursuant to 8 U.S.C. § 1225(b)(1) and 8 USC 1229a; 8 C.F.R. 208.30.

72. Petitioners cannot be denied liberty without due process, and Petitioners' removal to Mexico and detention violates their rights under the Constitution. U.S. Const. amend. V.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners respectfully prays the Court to:

a. Assume jurisdiction over this action;

b. Certify a class pursuant to Federal Rule of Civil Procedure 23 in accordance with this Complaint's allegations;

c. Declare that Defendants persons present in the United States without admission or parole are not "arriving aliens";

d. Declare that Defendants placement of persons not considered "arriving aliens" in the MPP program is in violation of the INA and APA;

e. Declare that Defendants removal of persons not considered "arriving aliens" to Mexico is a deprivation of statutory rights and the Due Process clause;

f. Issue a Writ of Habeas Corpus or Mandamus; ordering Defendants immediately halt the removal of Petitioners to Mexico or any other country;

g. Issue a Writ of Habeas Corpus or Mandamus, ordering Defendants to return Petitioners to the United States if they have already been removed;

h. Issue a Writ of Habeas Corpus or Mandamus, ordering Defendants to conduct a bond hearing for Petitioners;

i. In the alternative, conduct a bond hearing for Petitioners;

j. Issue a declaration that Petitioners' ongoing detention or placement in the MPP program violates the INA, APA, and Due Process Clause of the Fifth Amendment.

k. Issue a nationwide injunction requiring Defendants to remove persons found within the United States, that are not "arriving aliens" from the MPP program;

l. Issue a nationwide injunction ordering Defendants to return individuals it has removed to Mexico under the MPP program that were unlawfully placed in the program because they were not "arriving aliens."

m. Order Defendants to make determinations on the number of individuals apprehended within the United States after not being admitted or paroled and placed into the MPP program;

n. Award Petitioner's costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412; and

o. Grant such further relief as the Court deems just and proper.

15

601362290.1

**FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**

| | | |
|---|---|---|
| 1 | Dated:  December 13, 2019 | Respectfully submitted, |
| 2 | | By: */s/ Anna M Hysell*_____ |
| 3 | | Anna M Hysell, Lead Counsel |
| | | 1201 E. Valley Pkwy, Suite 203 |
| 4 | | Escondido, CA 92027 |
| 5 | | Tel: (760) 233-0800 |
| | | Fax: (760) 233-0805 |
| 6 | | Email: anna@northcountyimmigration.com |

By: */s/ Bashir Ghazialam*  _____
   Bashir Ghazialam, Associate Counsel
Law Offices of Bashir Ghazialam
P.O. Box 928167
San Diego, CA 92192
Phone: (619) 795-3370
Fax: (866) 685-4543
Email: bg@lobg.net

16

601362290.1

**FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, I caused a PDF version of the foregoing document to be electronically transmitted to the Clerk of the Court, using the CM/ECF System for filing.

                                                */s/ Anna M Hysell*
                                                Anna M Hysell
                                                Dated: December 13, 2019

**FIRST AMENDED CLASS PETITION FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**